IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| RICKY OGLETREE, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV 420-310 |
| | ) |
| CHATHAM COUNTY DETENTION | ) |
| CENTER, | ) |
| | ) |
| Respondent. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate detained at Chatham County Detention Center in Savannah, Georgia, when the case commenced, brings the above-styled action pursuant to 28 U.S.C. § 2241. For the reasons set for below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.[1]

**I.    BACKGROUND**

On November 5, 2020, Petitioner commenced a civil rights action pursuant to 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* ("IFP"). Ogletree v. Chatham Cnty. Det. Ctr., CV 420-274, doc. nos. 1, 2 (S.D. Ga. Nov. 5, 2020). The Court granted Petitioner's IFP motion and directed him to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees form. Id., doc. no. 3. Petitioner returned the

---

[1]As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing Respondent to file a response to the instant petition. 28 U.S.C. § 2243.

forms on December 9, 2020, along with a petition for a writ of habeas corpus, arguing he had been "held with no bond nor indictment" since his arrest, over ninety days prior to filing his petition. <u>Id.</u>, doc. nos. 4-6. On December 10, 2020, the Court directed the Clerk of Court to open a new habeas corpus case in Petitioner's name, resulting in commencement of the above-captioned case. Other than the filing of the petition and re-docketing the IFP motion from the original civil rights action, there has been no further activity in this habeas case.

Meanwhile, in the original civil rights action, Petitioner filed a notice of voluntary dismissal on January 7, 2021, in which he explained his intent in filing a federal case was to find out what had caused the delay in his underlying state criminal proceedings. CV 320-274, doc. no. 8. He further explained that since filing his case, he learned the COVID-19 pandemic had caused the delay, and he therefore no longer wished to pursue his federal case. <u>Id.</u> The Court dismissed the original case, but the above-captioned case, opened as an offshoot of the original case, remains pending.

## II.     DISCUSSION

### A.     The Petition Should Be Dismissed Without Prejudice

Given the above background, it is not entirely clear Petitioner intends to pursue a claim for federal habeas corpus relief. The petition challenges the delay in indicting Petitioner after his arrest and his inability to obtain a bond despite the lengthy delay regarding an indictment. (<u>See</u> <u>generally</u> doc. no. 1.) These are the same issues raised in the original civil rights action, issues that Petitioner stated in his notice of voluntary dismissal of the original case that he no longer wished to pursue.

Moreover, Petitioner acknowledges that he did not file any state petition or application for other relief prior to filing his federal habeas petition. (<u>See</u> <u>id.</u> at 2, 5.)    A pretrial petition

for habeas corpus relief by a state prisoner is properly filed pursuant to 28 U.S.C. § 2241. Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1261-62 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) ("State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States.  Yet a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court.'  Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only.") Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), case law counsels that federal courts should not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures.  Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); Hughes, 377 F.3d at 1262 & n.4 (noting applicability of exhaustion requirement to § 2241 petition challenging pretrial proceedings); Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973)).  "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process."  Turner, 2012 WL 2003835 at *2 (citation omitted).

Here, Petitioner does not allege that he has invoked any state court remedies.  To the contrary, as explained above, he acknowledges that he has not sought relief in the state courts and filed the federal case because he was unable to find out the cause for delay in his state criminal proceedings.  When Petitioner discovered the COVID-19 pandemic caused the delay, he dismissed his original case, a request which arguably applies to the above-captioned case.

3

Petitioner filed the voluntary dismissal less than a month after the new case was opened in his name, and he never undertook any additional activity with respect to the new case. Moreover, nothing in Petitioner's filings suggests that he has been prevented from asserting his current claims in a state court proceeding. Indeed, the Georgia courts recognize the requirement for timely setting bond, provide procedures for appealing a trial court's failure to timely set bond, and routinely handle such requests. See Tatis v. State, 716 S.E.2d 203, 205 (Ga. 2011); Rawls v. Hunter, 475 S.E.2d 609, 609-10 (Ga. 1996); see also Rainwater v. Langley, 587 S.E.2d 18, 20 (Ga. 2003) ("Under O.C.G.A. § 17-7-50, bail must be set by the trial judge if a person is arrested and incarcerated for more than 90 days without bail *and* without indictment.").

Therefore, even if Petitioner did not intend to voluntarily dismiss the above-captioned case, as he has not exhausted available state court remedies, his claims in this federal habeas corpus petition should be dismissed without prejudice.

### B.     Leave to Appeal *In Forma Pauperis*

The Court should deny Petitioner leave to appeal *in forma pauperis* ("IFP") and a Certificate of Appealability ("COA"). An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Thus, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and the Court should **DENY** Petitioner leave to appeal IFP. See 28 U.S.C. § 1915(a)(3).

Further, a person detained as a result of process issued by a State court seeking relief under § 2241 must obtain a COA before appealing the denial of his application for a writ of habeas corpus. See 28 U.S.C. § 2253 (c)(1)(A); Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("[S]tate prisoners proceeding under § 2241 must obtain a COA to appeal.")

This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court should **DENY** a COA in this case.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**. The Court further **RECOMMENDS** Petitioner be **DENIED** leave to appeal IFP and a COA.

SO REPORTED and RECOMMENDED this 9th day of December, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA